# UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF COLORADO

---------------------------------------------------------X

| | | |
|---|---|---|
| ROLANDO VEGA, Individually and on Behalf of All Other Persons Similarly Situated, | : : : | Case No.: _____ |
| Plaintiff, | : : | **COLLECTIVE ACTION** |
| -against- | : : | **COMPLAINT** |
| | : | <u>JURY TRIAL DEMANDED</u> |
| CRAFTWORKS RESTAURANTS & BREWERIES, INC., d/b/a GORDON BIERSCH BREWERY RESTAURANT | : : : : | |
| Defendant. | : | |

---------------------------------------------------------X

## <u>INTRODUCTION</u>

Plaintiff Rolando Vega, individually and on behalf of all others similarly situated, files this Collective Action Complaint against Defendant CraftWorks Restaurants & Breweries, Inc. ("Craftworks"), doing business as Gordon Biersch Brewery Restaurants ("Gordon Biersch"), seeking all available relief under the Fair Labor Standards Act of 1938 ("FLSA"), 29 U.S.C. §§ 201, *et seq*.

The following allegations are based on personal knowledge as to Plaintiff's own conduct and are made on information and belief as to the acts of others.

## <u>NATURE OF THE ACTION</u>

1.      Plaintiff alleges on behalf of himself and all current and former Assistant Managers ("AMs"), which includes other employees classified as exempt and holding comparable positions with different titles employed by Defendant below the level of Assistant General Manager, in any Gordon Biersch restaurant in the United States and who elect to opt into this action pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 216(b)

(hereinafter the "Collective" or "Collective Action Members"), that they are entitled to, *inter alia*: (i) unpaid overtime wages for hours worked in excess of 40 in a workweek, as required by law, and (ii) liquidated damages pursuant to the FLSA, 29 U.S.C.§ 201, *et seq*., for the period from three years before the date this Complaint was filed until entry of judgment in this action (the "Collective Action Period").

## JURISDICTION AND VENUE

2.      This Court has jurisdiction over Plaintiff's FLSA claims pursuant to 29 U.S.C. § 216(b) and 28 U.S.C. § 1331.

3.      Venue is proper pursuant to 28 U.S.C. § 1391 because Defendant resides in this district and regularly conducts business in this District.

4.      This Court is empowered to issue a declaratory judgment pursuant to 28 U.S.C. §§ 2201 and 2202.

## THE PARTIES

5.      Plaintiff is an individual residing in Kenner, Louisiana.

6.      Plaintiff was employed by Defendant from approximately 2009 through February 2017 at Defendant's Gordon Biersch restaurant located at 200 Poydras Street, New Orleans, LA. Plaintiff was employed as an AM throughout the relevant time period.

7.      While employed as an AM, Plaintiff regularly worked in excess of 40 hours per workweek, without receiving overtime compensation as required by federal law. One week in which Plaintiff worked over 40 hours but not paid overtime was February 8-14, 2016.

8.      Defendant Craftworks is a Delaware corporation headquartered in Broomfield, Colorado with additional support offices in Chattanooga, Tennessee. Defendant operates over

200 restaurants, brewery restaurants and entertainment venues in 40 states across the United

States, including approximately 35 Gordon Biersch restaurants.[1]

9.      At all times relevant herein, Defendant has been an employer within the meaning

of Section 3(d) of the FLSA (29 U.S.C. § 203(d)).

10.      At all times relevant herein, Defendant has been an enterprise within the meaning

of Section 3(r) of the FLSA (29 U.S.C. § 203(r)).

11.      At all times relevant herein, Defendant has been an enterprise engaged in

commerce or the production of goods for commerce within the meaning of Section 3(s)(1) of the

FLSA because it has had employees engaged in commerce or in the production of goods for

commerce, or employees handling, selling, or otherwise working on goods or materials that

have moved in or were produced for commerce by any person.  Further, Defendant has had (and

has) a gross volume of sales, made or done business in an amount of at least $500,000.

12.      At all times relevant herein, Plaintiff and all similarly situated employees were

engaged in commerce or in the production of goods for commerce as required by 29 U.S.C. §§

206-207.

13.      Defendant suffered, permitted or directed the work of Plaintiff and similarly

situated employees, and Defendant benefited from work performed by Plaintiff and similarly

situated employees.

14.      Pursuant to Defendant's policy, pattern, and practice, Defendant did not pay

Plaintiff and other similarly situated employees proper overtime wages for hours they worked

for Defendant's benefit in excess of 40 hours in a workweek, constituting wage theft.

---

[1] *See* CraftWorks Home Page, available at http://www.craftworksrestaurants.com/ (last visited Janaury 22, 2019);
see also https://www.craftworksrestaurants.com/brands/ (last visited January 22, 2019).

## FACTUAL ALLEGATIONS

15.    Defendant employed Plaintiff and the Collective Action Members as AMs.

16.    Defendant maintains control, oversight, and discretion over the operation of its restaurants, including its employment practices with respect to Plaintiff and the Collective Action Members.

17.    Plaintiff and the Collective Action Members performed work as AMs that was integrated into the normal course of Defendant's business.

18.    Consistent with Defendant's policy, pattern and/or practice, Plaintiff and the Collective Action Members regularly worked in excess of 40 hours per workweek without being paid overtime wages, in violation of the FLSA. Plaintiff regularly worked 60 or more hours per week as an AM, but was never paid overtime for hours worked over 40 per weeks.

19.    The number of shifts that Plaintiff and each individual Collective Action Member worked per week can be ascertained from Defendant's records.

20.    Defendant assigned and is aware of all of the work that the Plaintiff and the Collective Action Members have performed.

21.    The work performed for Defendant by Plaintiff and the Collective Action Members required little skill and no capital investment, nor did said work include managerial responsibilities or the exercise of meaningful independent judgment and discretion.

22.    During the Collective Action Periods, Plaintiff and the Collective Action Members performed the same primary job duties, including customer service, food and drink preparation, and cleaning.

4

23.     During the Collective Action Periods, the primary job duties of Plaintiff and the Collective Action Members did not include hiring, firing, disciplining, or directing the work of other employees, or exercising meaningful independent judgment or discretion.

24.     The primary job duties of Plaintiff and the Collective Action Members did not materially differ from the duties of Defendant's non-exempt hourly paid employees, which included many duties that were manual and non-exempt in nature. The performance of manual labor and non-exempt duties occupied the majority of Plaintiff's and the Collective Action Members' working hours.

25.     Pursuant to a centralized, company-wide policy, pattern and/or practice, Defendant classified Plaintiff and the Collective Action Members as exempt from coverage of the overtime provisions of the FLSA.

26.     Upon information and belief, Defendant did not perform a person-by-person analysis of the job duties of Plaintiff and the Collective Action Members when making the decision to classify all of them uniformly as exempt from the overtime protections of the FLSA.

27.     Defendant established labor budgets to cover labor costs for the restaurants where Plaintiff and similarly situated employees worked. Defendant did not provide sufficient resources in the labor budgets for non-exempt employees to complete all of the non-exempt tasks in each restaurant.  Defendant knew or recklessly disregarded the fact that failing to provide sufficient resources in restaurant labor budgets resulted in Plaintiff and the Collective Action Members (who were not paid overtime) working more than 40 hours in a workweek and primarily performing manual and non-exempt duties during their workweeks, without receiving overtime compensation. This allowed Defendant to avoid paying additional wages (including overtime) to the non-exempt restaurant-level employees.

28.    Defendant acted willfully and knew, by virtue of the fact that their General Managers (as their authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties. Defendant also acted willfully and in reckless disregard of its obligations under the FLSA that a result of the underfunded labor budgets was to limit the amount of money available to pay non-exempt employees to perform such work. Defendant knew, by virtue of the fact that their General Managers (as their authorized agents) actually saw Plaintiff and other similarly situated AMs perform primarily manual labor and non-exempt duties, that Plaintiff and similarly situated employees did not fall under any exemptions under the FLSA.

29.    As an experienced business operating dozens of restaurants throughout the country, Defendant knew or recklessly disregarded the fact that by underfunding the labor budgets for store locations, Plaintiff and other similarly situated employees were primarily performing non-exempt duties and not performing activities that would suffice to make their actual job duties comply with any overtime exemption under the FLSA.

30.    Defendant's unlawful conduct, as described above, was willful or in reckless disregard of the applicable wage and hour laws pursuant to Defendant's centralized, company-wide policy, pattern, and practice of attempting to minimize labor costs by violating the FLSA.

31.    As part of its regular business practice, Defendant has intentionally, willfully and repeatedly engaged in a policy, pattern and practice of violating the FLSA with respect to Plaintiff and the Collective Action Members. This policy, pattern and practice includes, but it is not limited to, Defendant's knowledge of its obligations under the FLSA, and the kind of work that Plaintiff and the Collective Action Members were and have been actually performing. As a result, Defendant has:

a.  willfully misclassified Plaintiff and the Collective Action Members as exempt from the overtime requirements of the FLSA;

b.  willfully failed to pay Plaintiff and the Collective Action Members overtime wages for hours they worked in excess of 40 hours per week; and

c.  willfully failed to provide enough money in its restaurant-level labor budgets for Defendant's non-exempt employees to perform their duties and responsibilities, thereby forcing Defendant's exempt AMs to perform such non-exempt tasks.

32.    Defendant's willful violations of the FLSA are further demonstrated by the fact that throughout the Collective Action Period, and continuing to the present, Defendant failed to maintain accurate and sufficient time records for Plaintiff and the Collective Action Members. Defendant acted recklessly or in willful disregard of the FLSA by instituting a policy and/or practice that did not allow Plaintiff or the Collective Action Members to record all hours worked.

33.    Due to the foregoing, Defendant's failure to pay overtime wages for work performed by Plaintiff and the Collective Action Members in excess of 40 hours per workweek was willful and has been widespread, repeated and consistent.

## FLSA COLLECTIVE ACTION ALLEGATIONS

34.    Pursuant to 29 U.S.C. §§ 207 and 216(b), Plaintiff seeks to prosecute his FLSA claims as a Collective Action on behalf of all persons who are or were formerly employed by Defendant as AMs during the Collective Action Period.

35.    Defendant is liable under the FLSA for, *inter alia*, failing to pay premium overtime wages to Plaintiff and other similarly situated employees.

36.    Upon information and belief, there are at least dozens of similarly situated current and former AMs who have not been paid premium overtime wages in violation of the FLSA

who would benefit from the issuance of a court-supervised notice of this lawsuit and the

opportunity to join.  Thus, notice should be sent to the Collective Action Members pursuant to

29 U.S.C. § 216(b).

37.     The similarly situated employees are known to Defendant, are readily identifiable,

and can be located through Defendant's records.

**FIRST CAUSE OF ACTION:**
**(FAIR LABOR STANDARDS ACT:  UNPAID OVERTIME WAGES)**
**<u>(Brought on Behalf of Plaintiff and All Collective Action Members)</u>**

38.     Plaintiff, on behalf of himself and all Collective Action Members, re-allege and

incorporate by reference the previous paragraphs as if they were set forth again herein.

39.     At all relevant times, Defendant has been, and continues to be, an employer

engaged in interstate commerce or the production of goods for commerce, within the meaning of

the FLSA, 29 U.S.C. §§ 206(a) and 207(a).

40.     At all relevant times, Defendant employed Plaintiff, and employed or continue to

employ, each of the Collective Action Members within the meaning of the FLSA.

41.     Defendant has engaged in a widespread pattern and practice of violating the

FLSA, as described in this Complaint.

42.     Plaintiff has consented in writing to be parties to this action, pursuant to 29 U.S.C.

§ 216(b).

43.     The overtime wage provisions set forth in 29 U.S.C. §§ 201, *et seq*., apply to

Defendant.

44.     At all relevant times and continuing to the present, Defendant has had a policy

and practice of refusing to pay premium overtime compensation to their AMs and similarly

situated employees in comparable positions but holding different titles, for hours worked in
excess of 40 hours per workweek.

45.     As a result of Defendant's willful failure to compensate its employees, including
Plaintiff and the Collective Action Members, at a rate not less than one and one-half times the
regular rate of pay for work performed in excess of 40 hours in a workweek, Defendant has
violated and, continue to violate, the FLSA, 29 U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§
207(a)(1) and 215(a).

46.     As a result of Defendant's willful failure to record, report, credit, and compensate
its employees, including Plaintiff and the Collective Action Members, Defendant failed to make,
keep, and preserve records with respect to each of its employees sufficient to determine the
wages, hours and other conditions and practices of employment in violation of the FLSA, 29
U.S.C. §§ 201, *et seq.*, including 29 U.S.C. §§ 211(c) and 215(a).

47.     As a result of Defendant's policy and practice of minimizing labor costs by
underfunding labor budgets for their restaurants, Defendant knew or recklessly disregarded the
fact that Plaintiff and the Collective Action Members were primarily performing manual labor
and non-exempt tasks.

48.     Due to Defendant's (a) failure to provide enough labor budget funds, (b) failure to
take into account the impact of the underfunded labor budgets on the job duties of Plaintiff and
the Collective Action Members, (c) actual knowledge that the primary duties of Plaintiff and the
Collective Action Members were manual labor and other non-exempt tasks, (d) failure to
perform a person-by-person analysis of Plaintiff's and the Collective Action Members' job
duties to ensure that they were performing primarily exempt job duties, and (e) policy and
practice that did not allow Plaintiffs and Collective Action Members to record all hours worked,

Defendant knew and/or showed reckless disregard that its conduct was prohibited by the FLSA. 29 U.S.C. § 255(a).

49.     As a result of Defendant's FLSA violations, Plaintiff, on behalf of himself and the Collective Action Members, is entitled to (a) recover from Defendant unpaid wages for all of the hours worked, as premium overtime compensation; (b) recover an additional, equal amount as liquidated damages for Defendant's willful violations of the FLSA; and, (c) recover unreasonably delayed payment of wages, reasonable attorneys' fees, and costs and disbursements of this action, pursuant to 29 U.S.C. § 216(b).

50.     Defendant's violations of the FLSA have been willful, thus a three-year statute of limitations applies, pursuant to 29 U.S.C. § 255.

## DOCUMENT PRESERVATION

51.     As part of discovery, Plaintiff will be requesting certain documents and information from Defendant. Please note the document preservation instructions attached hereto.

## PRAYER FOR RELIEF

WHEREFORE, Plaintiff and the Collective Action Members are entitled to and pray for the following relief:

a.     Designation of this action as an FLSA collective action on behalf of Plaintiff and the Collective Action Members and prompt issuance of notice pursuant to 29 U.S.C. § 216(b), to all similarly situated members of the Collective, apprising them of the pendency of this action, permitting them to assert timely FLSA claims in this action by filing individual

Consents to Sue pursuant to 29 U.S.C. § 216(b), and tolling of the statute of limitations;

b.    A declaratory judgment that the practices complained of herein are unlawful under the FLSA;

c.    An award of unpaid wages for all hours worked in excess of 40 in a workweek at a rate of time and one-half of the regular rate of pay due under the FLSA, using the following common methodology for calculating damages: ((Annual Salary ÷ 52) ÷ 40) x Total Number of Overtime Hours Worked x 1.5;

d.    An award of liquidated and punitive damages as a result of Defendant's willful failure to pay for all hours worked in excess of 40 hours in a workweek, at a rate of one and one-half times the regular rate of pay pursuant to 29 U.S.C. § 216;

e.    An injunction requiring Defendant to cease its unlawful practices;

f.    An award of damages representing the employer's share of FICA, FUTA, state unemployment insurance, and any other required employment taxes;

g.    An award of prejudgment and post-judgment interest;

h.    An award of costs and expenses of this action together with reasonable attorneys' and expert fees and an award of a service payment to the Plaintiff; and

i.    Such other and further relief as this Court deems just and proper.

## DEMAND FOR TRIAL BY JURY

Pursuant to FED. R. CIV. P. 38(b), Plaintiff demands a trial by jury on all questions of fact

raised by the Complaint.

Dated: February 1, 2019

By: _Fran L Rudich_

Fran L. Rudich
Seth R. Lesser
Christopher M. Timmel*
KLAFTER OLSEN & LESSER LLP
Two International Drive, Suite 350
Rye Brook, NY 10573
Telephone: (914) 934-9200
Facsimile: (914) 934-9220
fran@klafterolsen.com
seth@klafterolsen.com
christopher.timmel@klafterolsen.com

C. Andrew Head
Bethany Hilbert
Head Law Firm, LLC
4422 N. Ravenswood Ave.
Chicago, IL 60640
Tel: (404) 924-4151
Fax: (404) 796-7338
Email: ahead@headlawfirm.com

Jason S. Rathod*
Nicholas A. Migliaccio*
**MIGLIACCIO & RATHOD LLP**
412 H St., NE
Suite 302
Washington, DC 20002
(202) 470-3520 (Tel.)
(202) 800-2730 (Fax)
jrathod@classlawdc.com
nmigliaccio@classlawdc.com

*Attorneys for Plaintiff and the Collective*

*to seek admission *pro hac vice*

12

## DOCUMENT PRESERVATION INSTRUCTIONS

Plaintiff will be requesting electronic and other documentary evidence during discovery in this matter. This evidence will be of critical importance and Plaintiff wants to ensure that the types of documentary and electronic evidence that will be requested during the course of discovery are preserved.

As you may be aware, "[w]hen a lawyer who has been retained to handle a matter learns that litigation is probable or has been commenced, the lawyer should inform the client of its duty to preserve potentially relevant documents and of the possible consequences of failing to do so." Standard 10, *Preservation of Documents, ABA Civil Discovery Standards* (Aug. 2004). This duty "applies to information stored in an electronic medium or format…" *Id.* at Standard 29.

Various kinds of electronic and hard-copy data will be important in this lawsuit. The data Plaintiff anticipates will be relevant includes, but is not limited to, the following:

- The portions of any database or system maintained or used that contains time stamps or other data, including timesheets and telephone records, relating to the hours worked by Plaintiff and and/or Class Members as well as their pay;

- Emails and other electronic and hard-copy documents pertaining to Defendants' decision to not pay the overtime premium;

- Emails and other electronic and hard-copy documents pertaining to Defendants' reliance on department of labor authority, if any, when deciding not to pay the overtime premium;

- Emails and other electronic and hard-copy documents pertaining to any audit or investigation performed by the department of labor;

- Emails and other electronic and hard-copy documents pertaining to the job duties performed by Defendants' employees, including Plaintiff;

- Emails and other electronic and hard-copy documents pertaining to the hours worked by Defendants' employees, including Plaintiff;

- Emails sent and received by Plaintiff or class members, and their managers/supervisors;

- Emails and other electronic or hard-copy documents pertaining to Defendants' compliance with the state laws and regulations; and

- Emails and other electronic or hard-copy documents pertaining to Plaintiff

1

and all other current or former employees.

This data, including all associated metadata, must be preserved. Therefore, Plaintiff requests that Defendants perform offline backups of any databases which contain information of the types identified above. Plaintiff also requests that Defendants perform offline backups of all current Microsoft Exchange (or other email) databases to external hard drives, preserving their native format. These backups should be done routinely from this point forward.

The laws and rules prohibiting destruction of evidence apply to electronically stored information in the same manner that they apply to other evidence. Therefore, Plaintiff requests that Defendants take every reasonable step to preserve this information until the final resolution of this matter, and discontinue all data destruction activities, including but not limited to, backup tape recycling policies, any automatic email deletion functions, and refrain from disposing of any relevant hardware or data storage. In short, Plaintiff requests that the utmost care be taken in the preservation of all relevant electronic data, including metadata.